Eastern District of Kentucky
F I L E D
JAN 24 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| TORI T. CURTIS, | ) |
| Plaintiff, | ) Civil No. 0:18-096-HRW |
| v. | ) |
| JEREMY K. WHEELER, ET AL., | ) **MEMORANDUM OPINION** |
| Defendants. | ) **AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Tori T. Curtis is an individual previously confined at the Eastern Kentucky Correctional Facility in West Liberty, Kentucky. Proceeding without an attorney, Curtis has filed a civil rights action under 42 U.S.C. § 1983 [D.E. No. 1] and a motion to proceed *in forma pauperis*. [D.E. No. 2] The Court has reviewed the fee motion and will grant the request on the terms established by 28 U.S.C. § 1915(b). Because Curtis has been granted *pauper* status in this proceeding, the $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct an initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v.*

1

*Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). The Court evaluates Curtis's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

However, a complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill*, 630 F.3d at 470. Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). The Court is not required to create a claim for the Plaintiff, nor to "conjure up unpled allegations." *Moorman v. Herrington*, No. 4:08-cv-P127-M, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009)(citations omitted). *See also Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are

not sufficient. *Laster v. Pramstaller*, No. 08-cv-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

In his complaint, Curtis alleges that in October 2017, while he was confined at the Little Sandy Correctional Complex in Sandy Hook, Kentucky, he complained to the head of Aramark Teresa Gullett that he wanted to quit working in the kitchen because he was having issues with other inmates sexually harassing him. [D.E. No. 1 at p. 4] He claims that, although Gullett told him that he would not be written up for quitting his job, he was written up by Correctional Officer Jeremy K. Wheeler and charged with refusing or failing to carry out a work assignment. [*Id.* at p. 5] According to Curtis, in issuing this disciplinary report, Wheeler violated the policies and procedures of the Kentucky Department of Corrections ("KDOC") because the disciplinary report allegedly did not show all of the facts, specifically that Curtis was in an uncomfortable situation in the kitchen because of the alleged harassment and felt pressured to quit his job. [*Id.* at p. 5-6] Curtis also alleges that Wheeler violated the Eighth Amendment of the United States Constitution's prohibition against cruel and unusual punishment because, as punishment for his conviction of the offense charged in the disciplinary report, Curtis was confined in the Restrictive House Unit ("RHU") for 30 days. [*Id.* at p. 6] He further alleges a violation of the Thirteenth Amendment's prohibition against slavery or involuntary servitude. [*Id.* at p. 6]

Curtis also asserts a claim against Joseph M. Howard, identified by Curtis as a Correctional Lieutenant/Chairman/Adjustment Officer who presided over his disciplinary hearing on the report issued by Wheeler. [*Id.* at p. 8] Curtis alleges that, during his disciplinary hearing, Howard failed to comply with several of the KDOC's Policies and Procedures applicable to disciplinary hearings, and that Curtis' conviction for refusing or failing to carry out a work assignment and the resulting punishment of 30 days in the RHU violated his Fifth Amendment due process rights and his Eighth Amendment rights to be free from cruel and unusual punishment. [*Id.* at p. 9]

Curtis purports to bring these claims against Wheeler, Howard, and the KDOC in their official and individual capacities, based on his theory that the KDOC allows officials to "break and bend the rules to their liking" in violation of the Corrections Policies and Procedures, are unprofessional, and are "careless for others and job efforts, etc." [*Id.* at p. 7] As relief, he seeks compensatory and punitive damages, reimbursement for court costs and expenses, and for all KDOC inmates to be able to back order pornographic magazines, Playstation gaming systems, and video games. [*Id.* at p. 9-11]

First, to the extent that Curtis seeks to assert his claims against the defendants in their "official capacities," these claims must be dismissed. Notwithstanding its label, an "official capacity" claim against a state officer is not a claim against the

4

officer arising out of his or her conduct as an employee of the state but is actually a claim directly against the state agency which employs them. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). Curtis's official capacity claims are therefore civil rights claims against KDOC.

However, the KDOC is not subject to suit under § 1983 in federal court, both because a state agency is not a "person" subject to liability under Section 1983, and because the Eleventh Amendment deprives federal district courts of subject matter jurisdiction over a claim for money damages against a state and its agencies. *Gibbons v. Kentucky Dept. of Corrections*, No. 3:07CV-P697-S, 2008 WL 412847, at *1 (W.D. Ky. Sept. 4, 2008) (*citing Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court.") (internal quotation marks and citation omitted)); *Scott v. Kentucky Department of Corrections*, No. 08-CV-104-HRW, 2008 WL 4083002, at *2 (E.D. Ky. Aug. 29, 2008) ("the Eleventh Amendment has also been interpreted to extend immunity to

State employees sued for damages in their official capacities."). The Court therefore will dismiss all of the § 1983 claims against the defendants in their official capacities.

To the extent that Curtis alleges constitutional claims against Wheeler and Howard in their individual capacities, his claims also fail. To be clear, Curtis' complaint is essentially a constitutional challenge to the imposition of disciplinary sanctions imposed against him while he was in state custody. However, Curtis cannot challenge his disciplinary conviction in a § 1983 action; instead his remedy is to pursue relief under state law and then, if necessary, file a habeas action. *See Smith v. Corrections Corp. of America*, 5 F. App'x 443, 444-45 (6th Cir. 2001) (discussing *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997)). And to the extent that Curtis takes exception to the procedures related to his disciplinary conviction, he is not currently eligible for relief on that basis because fails to allege that his disciplinary conviction has been overturned. *See Smith*, 5 F. App'x at 445; *see also Lee-Bey v. Gundy*, 80 F. App'x 435, 437 (6th Cir. 2003) (citing *Edwards*, 520 U.S. at 646).

Curtis' claims that his placement in administrative segregation for 30 days amounted to an unreasonable search and seizure in violation of the Fourth Amendment and/or cruel and unusual punishment in violation of the Eighth Amendment also fail. The Fourth Amendment protects against unreasonable searches and seizures. However, in the context of prisoner placement in segregation,

the scope of that right is considered co-extensive with the protections afforded by the Due Process Clause, and an inmate should only be considered "seized" under the Fourth Amendment if the placement in segregation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" as set forth in *Sandin v. Conner*, 515, U.S. 472, 484 (1995). *Leslie v. Doyle*, 125 F. 3d 1132, 1135-37 (7th Cir. 1997); *see also Ortega v. U.S. Immigration and Customs Enforcement*, 737 F. 3d 435, 441 (6th Cir. 2013) (citing *Leslie*). Here, Curtis alleges that he was placed in the RHU for 30 days and he has failed to allege any atypical significant hardship in relation to the ordinary incidents of prison life. Such conditions fall far short of the more severe deprivations found to be cognizable under the Due Process Clause. Cf. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010); *Siddiq v. Edlund*, 8 F. App'x 522, 524 (6th Cir. 2001). *See also Weatherspoon v. Woods*, No. 16-1277, 2017 WL 3923335, at *3 (6th Cir. Feb. 24, 2017) (citing *Hudson v. Palmer*, 468 U.S. 517, 52-30 (1984)).

For its part, the Eighth Amendment "does not mandate comfortable prisons," but only requires prison officials to provide inmates with "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981). Curtis' placement in administrative segregation, and the resulting minimal intrusion upon the broader freedoms he enjoyed in the general population, did not deprive him of any of life's necessities to state a viable claim under the Eighth Amendment. Cf.

7

*Harden-Bey v. Rutter*, 524 F. 3d 789, 795-96 (6th Cir. 2008); *Colgrove v. Williams*, 105 F. App'x 537, 538 (5th Cir. 2004).

Finally, although Curtis references the Thirteenth Amendment of the Constitution, which abolished slavery in the United States, he fails to allege any facts supporting a claim under the Thirteenth Amendment. Where a complaint does not provide any factual basis for the claims set forth in the complaint, it must be dismissed for failure to state a claim. *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) ("More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.").

Accordingly, **IT IS ORDERED** that:

1. Curtis's motion to proceed *in forma pauperis* [D.E. No. 2] is **GRANTED** and payment of the filing and administrative fees is **WAIVED**.

2. Curtis' complaint [D.E. No. 1] is **DISMISSED WITHOUT PREJUDICE**.

3. This action is **STRICKEN** from the Court's docket.

4. A corresponding judgment will be entered this date.

This ___ day of January, 2019.



Signed By:
**Henry R. Wilhoit, Jr.**
United States District Ju